STATE OF NORTH CAROLINA v. CARL WAYNE MOORE, SR.

No. COA06-1405

(Filed 7 August 2007)

**1. Appeal and Error— preservation of issues—failure to raise issue in written motion for appropriate relief**

Although defendant contends that the prosecution discouraged a witness from testifying in a double armed robbery case and thereby violated defendant's constitutional right to offer testimony of a witness in his defense, defendant failed to preserve this argument for appellate review, because: (1) defendant did not raise a Sixth Amendment argument in his written motion for appropriate relief; (2) the prosecutor even noted during the hearing that defendant's motion was couched in terms of newly discovered evidence and not in terms of a constitutional violation; (3) by making his Sixth Amendment argument during the hearing, defense counsel essentially was attempting to amend his motion to include the constitutional argument; (4) defendant could have made an amendment to his motion prior to the hearing under N.C.G.S. § 15A-1415(g) or he could have made such an amendment during the hearing if he had done so in writing, but he failed to do either; and (5) defendant's argument concerning the alleged Sixth Amendment violation could not be considered a new motion for appropriate relief made under Article 89 since it was not in writing and it was not made within ten days after entry of judgment.

**2. Appeal and Error— preservation of issues—motion for appropriate relief—failure to raise issue at trial**

Although defendant contends in a motion for appropriate relief that his due process rights were violated when the State failed to correct alleged false and misleading testimony from a witness that he had been offered no deals in exchange for his testimony, this assignment of error is dismissed, because: (1) defendant failed to make this constitutional argument at any point at the trial level, either during the presentation of evidence, during the hearing on a codefendant's motion to dismiss, or during the hearing on his motion for appropriate relief; (2) defense counsel conceded during oral arguments that this constitutional argument was not raised before the trial court; and (3) constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal.

Review by writ of *certiorari* from judgment entered 9 April 1998 and the order entered 19 December 2001 by Judge Jerry R. Tillet in Beaufort County Superior Court. Heard in the Court of Appeals 23 May 2007.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General R. Marcus Lodge, for the State.*

*Glover & Petersen, P.A., by Ann B. Petersen, for defendant-appellant.*

JACKSON, Judge.

Carl Wayne Moore, Sr. ("defendant") petitioned this Court for a writ of *certiorari* to review his 9 April 1998 conviction and the 19 December 2001 order denying his motion for appropriate relief. This Court granted defendant's petition on 28 January 2005. For the following reasons, we find that defendant has failed to preserve his arguments for appellate review, and accordingly, we dismiss defendant's appeal.

In April 1997, Jason Denbin ("Denbin") committed two robberies in Beaufort County, North Carolina. Denbin first robbed the Sunset Bar ("the bar"), and then, Denbin and his girlfriend, Dusty Clark ("Clark"), robbed Stephen Waters ("Waters") at Waters' residence. The instant appeal arises out of the role defendant allegedly played in those robberies.

On 20 April 1997, Denbin entered the bar and pointed a gun at the bartender, Virginia Garrison ("Garrison"), telling her that he knew about the money bags kept in a cabinet under the cash register. Garrison gave him the money bags as well as money from the cash register. Denbin admitted that he was the man who committed the robbery, and stated that Clark accompanied him and stayed in the car while he was in the bar. Denbin testified that he was having financial problems and talked to defendant, Clark, and Clark's mother, Rebecca Whitley ("Whitley"), about his need for money. He further testified that the four of them discussed ways that Denbin could obtain money by robbery, and that defendant told them about the bar and Waters' house. According to Denbin, defendant, a former owner of the bar, informed Denbin: (1) that defendant had taught the subsequent owner how to keep cash in the money bags; (2) that the money was located in bags under the register; (3) how much money likely was contained in the bags; (4) that the only person that would be in the bar after hours would be the bartender cleaning up; (5) that the

bartender's name was Ginny; and (6) that Ginny had a newborn child and would not offer any resistance. Denbin also testified that: (1) he and defendant drove to defendant's brother's house to retrieve a handgun; (2) defendant purchased ammunition at Wal-Mart; and (3) defendant gave the gun to Denbin. He testified that after he and Clark committed the robbery, they returned to Whitley's house and divided the money among the four of them. Finally, Denbin testified that: (1) he and defendant drove to a nearby stream; (2) defendant threw the empty money bags into the stream; and (3) Denbin returned the handgun to defendant.

With respect to the Waters' robbery, the evidence tended to show that defendant, along with his brother, had done repair work at Waters' residence. While defendant and his brother were working at the house, they could go inside to use the restroom. Waters, who kept a safe in his bedroom, testified that he once saw defendant inside the house while he was home for lunch. Denbin, in turn, testified that defendant provided him with details on the layout of the house and the location of the safe. Denbin also testified that he obtained a gun from defendant again and that on 27 April 1997, Whitley drove Denbin and Clark to Waters' house. At approximately 9:30 p.m. that evening, Clark knocked on Waters' front door. She told Waters that she had car trouble and needed water for her radiator. When Waters opened the door and invited her in, he saw Denbin standing in front of him, holding a gun. Waters went to his bedroom to get his wallet, and while handing it to Clark, she hit him across the head with a baseball bat, seriously injuring him. Denbin then told Waters that he knew about and wanted the safe, and after Waters showed Denbin the safe, Denbin and Clark left with Waters' safe and wallet. Finally, Denbin testified that the day after the robbery, he and Clark burned the papers found in the safe and tossed it off a bridge into a river; Denbin ultimately kept the money taken from the safe and wallet.

When Denbin and Clark were arrested in May 1997, they gave statements to police implicating both defendant and Whitley as having been involved in the planning and execution of the robberies. All four were charged with robbery with a dangerous weapon in each of the robberies. Ultimately, Denbin and Clark pled guilty to the charges, and Whitley and defendant pled not guilty and proceeded to trial jointly.

Although Clark initially implicated both Whitley and defendant in her statements to police, she later changed her story at a meeting with the prosecutor. In that meeting, Clark denied that Whitley was

involved and stated that, contrary to Denbin's testimony, there was no meeting of the original four defendants. She stated that Denbin had told her of defendant's involvement in the planning and execution of the robberies. She testified that she was not present when defendant allegedly described the bar; rather, Clark stated that Denbin had told her that defendant gave him that information. Clark essentially claimed to have no personal knowledge of defendant's involvement. Because Clark's statements at the meeting with the prosecutor did not align with the statement she had given the police upon arrest, the prosecutor decided not to call her as a witness and revoked his offer to consolidate the charges upon a guilty plea. At Whitley's trial, which was joined with defendant's, Whitley called Clark to testify, but Clark, on the advice of her attorney, invoked the Fifth Amendment.

On 9 April 1998, a jury found both defendant and Whitley guilty of the two armed robberies, and the trial court sentenced defendant to consecutive terms of 140 to 177 months imprisonment and 145 to 183 months imprisonment.

On 17 April 1998, defendant filed a motion for appropriate relief, seeking a new trial based upon newly discovered evidence. On 28 April 1998, Whitley also filed a motion for appropriate relief seeking a new trial, alleging that: (1) she "was deprived of her Sixth Amendment right to present a necessary witness [*i.e.*, Clark], said constitutional violation occurred as a result of the [prosecutor] threatening [Clark], said threat directly contingent upon [Clark] testifying on behalf of the defense"; and (2) "[b]ut for the improper threat and due process violation . . . , a different verdict would have likely been rendered on one, if not both charges." At the hearing on the motions, Clark testified, *inter alia*, that she invoked the Fifth Amendment when called by Whitley because she was afraid that the prosecutor would indict her for additional crimes if she testified for the defense. On 15 August 2000, the trial court granted Whitley's motion, and on 19 December 2001, the trial court denied defendant's motion. Thereafter, on 10 January 2005, defendant petitioned this Court for a writ of *certiorari*, which this Court granted on 28 January 2005.

**[1]** In his first argument on appeal,[1] defendant contends that the prosecution discouraged Clark from testifying and thereby violated

---

1. Defendant contends in part that his trial counsel's failure to allege a constitutional violation in the written motion for appropriate relief constituted ineffective assistance of counsel. Defendant, however, has failed to argue ineffective assistance of counsel in his brief, and accordingly, this assignment of error is deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

defendant's constitutional right to offer the testimony of a witness in his defense. Defendant, however, has failed to preserve this argument for appellate review.

In his written motion for appropriate relief, defendant requested "that the Court grant him a new trial based on newly discovered evidence, or in the alternative, grant him a new sentencing hearing" on the grounds that his sentence was "grossly disproportionate when compared to the sentences of the principals, Jason Denbin and Dusty Clark." At the hearing on defendant's motion, defense counsel attempted to expand upon his original bases for the motion for appropriate relief by riding on the coattails of Whitley's counsel's Sixth Amendment argument. Defendant's attorney stated, "Judge, I'm not going to rehash all of what [counsel for Whitley] has said. But I would like to very briefly touch on the Sixth Amendment issue . . . ." Defense counsel then proceeded to engage the trial court in argument with respect to the alleged Sixth Amendment violation as applied to defendant. In conclusion of law number 2, however, the trial court stated that defendant had failed to preserve this constitutional argument:

> While defendant's motion did not allege a constitutional violation, even if this Court were to consider such a claim as to the defendant Moore, this Court finds that neither the defendant's Sixth Amendment right under the United States Constitution to present witnesses in his defense nor his Fourteenth Amendment due process rights was [sic] violated.

North Carolina General Statutes, section 15A-1401 provides that relief from errors committed in criminal proceedings may be sought by, *inter alia*, a "[m]otion for appropriate relief, as provided in Article 89." N.C. Gen. Stat. § 15A-1401(1) (2005). Article 89, in turn, governs the procedure by which motions for appropriate relief must be made. *See* N.C. Gen. Stat. § 15A-1412 (2005) ("The provision in this Article for *the right to seek relief by motion for appropriate relief is procedural* and is not determinative of the question of whether the moving party is entitled to the relief sought or to other appropriate relief." (emphasis added)). As noted in the commentary to section 15A-1412,

> [a] casual reading might create the false impression that providing the procedural device for litigating the question in some way implies that there is a right to relief simply by reason of the error's assertion. Of course, that is not true and the question of

**STATE v. MOORE**

[185 N.C. App. 257 (2007)]

whether there was some error, and if so, whether it warrants the relief sought, are questions to be determined on the merits, *utilizing the procedural device provided here.*

N.C. Gen. Stat. § 15A-1412 cmt. (2005) (emphasis added). A motion for appropriate relief is "North Carolina's procedural mechanism for state post-conviction relief," *Jones v. Cooper,* 311 F.3d 306, 309 (4th Cir. 2002), *cert. denied,* 539 U.S. 946, 156 L. Ed. 2d 634 (2003), and therefore, a defendant seeking relief by a motion for appropriate relief must follow the procedures provided in Article 89.

In the instant case, defendant filed his motion for appropriate relief on 17 April 1998, less than ten days after the trial court entered judgment. Pursuant to section 15A-1414, defendant had the right to "seek appropriate relief for *any error* committed during or prior to the trial." N.C. Gen. Stat. § 15A-1414(a) (2005) (emphasis added). Although certain errors must be asserted during the initial ten-day time-frame, *see* N.C. Gen. Stat. § 15A-1414(b) (2005), defendant's Sixth Amendment argument is covered by section 15A-1415, and defendant was permitted to raise this argument at any time after the verdict. *See* N.C. Gen. Stat. § 15A-1415(a), (b) (2005).

However, defendant did not raise a Sixth Amendment argument in his written motion for appropriate relief, notwithstanding the fact that Whitley expressly argued a Sixth Amendment violation in her written motion for appropriate relief. The prosecutor even noted during the hearing that "Defendant Moore's motion is couched in terms of newly discovered evidence, not in terms of a constitutional violation." By making his Sixth Amendment argument during the hearing, defense counsel essentially was attempting to amend his motion to include the constitutional argument. Defendant could have made such an amendment prior to the hearing pursuant to section 15A-1415(g):

[t]he defendant may file amendments to a motion for appropriate relief at least 30 days prior to the commencement of a hearing on the merits of the claims asserted in the motion or at any time before the date for the hearing has been set, whichever is later. Where the defendant has filed an amendment to a motion for appropriate relief, the State shall, upon request, be granted a continuance of 30 days before the date of hearing.

N.C. Gen. Stat. § 15A-1415(g) (2005). Defendant even could have made such an amendment during the hearing:

[a]fter such hearing has begun, the defendant may file amendments only to conform the motion to evidence adduced at the hearing, or to raise claims based on such evidence.

*Id.* Although defendant arguably was attempting to amend his motion for appropriate relief "to conform the motion to evidence adduced at the hearing, or to raise claims based on such evidence," defendant failed to file any amendment, either before or after the hearing in accordance with section 15A-1415(g). Such amendments must be filed in writing. *See* N.C. Gen. Stat. § 15A-1420(a)(3) (2005) ("A written motion for appropriate relief must be filed in the manner provided in [North Carolina General Statutes, section] 15A-951(c)."); *see, e.g., Bowie v. Polk,* No. 5:03-CV-137-MU, 2006 U.S. Dist. LEXIS 74839, at *39-40 (W.D.N.C. Sept. 29, 2006) (holding that an amendment must be filed in accordance with section 15A-951(c) and that "new claims . . . raised in a post-MAR hearing brief of law or proposed Order" are not sufficient to satisfy the rules governing amendments to motions for appropriate relief).

As one court recently noted,

[u]nder North Carolina law, new claims must be raised by way of amendments to the MAR. Furthermore, after a hearing on the merits of an MAR has begun, "the defendant may file amendments only to conform the motion to evidence adduced at the hearing, or to raise claims based on such evidence."

*Strickland v. Lee,* 471 F. Supp. 2d 557, 582 n.20 (W.D.N.C. 2007) (quoting N.C. Gen. Stat. § 1415(g)). Here, as in *Strickland,* "[t]here is no evidence in the record that after his post-conviction hearing, [defendant] moved to amend his MAR either to conform it to evidence adduced at the hearing or to raise claims based on such evidence." *Id.* Therefore, defendant failed to present his Sixth Amendment argument in accordance with the rules governing motions for appropriate relief.

Additionally, defendant's argument concerning the alleged Sixth Amendment violation cannot be considered a new motion for appropriate relief made in accordance with the provisions of Article 89. Pursuant to section 15A-1420, a motion for appropriate relief must be in writing and timely filed unless it is made "(1) [i]n open court; (2) [b]efore the judge who presided at trial; (3) [b]efore the end of the session if made in superior court; and (4) [w]ithin 10 days after entry of judgment." N.C. Gen. Stat. § 15A-1420(a)(1) (2005). As defendant's argument concerning the alleged Sixth Amendment violation was not

made within ten days after entry of judgment, defendant was required to make his motion in writing and timely file the motion with the trial court. As noted *supra*, there is no evidence in the record that defendant filed a written motion for appropriate relief based upon an alleged Sixth Amendment violation.

Defendant failed to properly present his Sixth Amendment argument to the trial court, either as an amendment to his written motion for appropriate relief or as a new motion for appropriate relief. Accordingly, defendant has failed to preserve this argument for appellate review. *See* N.C. R. App. P. 10(b)(1) (2006).

[2] In his second argument,[2] defendant argues that his due process rights were violated when the State failed to correct false and misleading testimony from Denbin. Specifically, Denbin testified, both on direct and cross-examination, that he had been offered no deals in exchange for his testimony. Although he acknowledged on cross-examination that the prosecutor had discussed the possibility of consolidating his offenses for judgment, he testified that he had not signed any written agreement, and he firmly denied that he had been made any specific promises. On appeal, defendant claims that there, in fact, was an oral plea agreement between the prosecutor and Denbin, which provided that the charges of armed robbery would be consolidated. Defendant thus contends that the prosecutor, in violation of *Napue v. Illinois*, 360 U.S. 264, 3 L. Ed. 2d 1217 (1959), failed to correct Denbin's testimony concerning his plea discussions with the prosecutor.

In *Napue*, the United States Supreme Court held that "a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment. The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected . . . ." *Napue*, 360 U.S. at 269, 3 L. Ed. 2d at 1221 (internal citations omitted). Although defendant argues that his constitutional right to due process was violated pursuant to the principles enunciated by the Supreme Court in *Napue*, defendant has not referenced any instance in the record where he made this constitutional argument before the trial court. Indeed, it appears that defendant failed to make this constitutional argument at any point at the trial level, neither during the presentation of the evi-

2. Defendant contends in part that his counsel's failure to insist that the prosecutor correct Denbin's testimony constituted ineffective assistance of counsel. Again, defendant has failed to argue ineffective assistance of counsel in his brief, and therefore, this assignment of error is deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

dence, during the hearing on Whitley's motion to dismiss, nor during the hearing on his motion for appropriate relief. In fact, defense counsel conceded during oral arguments before this Court that this constitutional argument was not raised before the trial court. It is well-established that "[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *State v. Lloyd,* 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001). Accordingly, defendant has failed to preserve this issue for appeal.

Defendant's remaining assignment of error not argued in his brief on appeal is deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

Dismissed.

Chief Judge MARTIN and Judge McGEE concur.