STATE OF NORTH CAROLINA
v.
DONAVAN LORENZO DUREN
No. COA09-248
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant.
BRYANT, Judge.
At the 6 October 2008 criminal session of the Forsyth County Superior Court, a jury found defendant Donavan Lorenzo Duren guilty of five counts of robbery with a firearm, two counts of attempted robbery with a firearm, one count of assault with a deadly weapon with intent to kill inflicting serious injury, one count of assault with a deadly weapon inflicting serious injury, one count of assault with a deadly weapon, one count of resisting or delaying, one count of felonious fleeing to elude arrest, and four counts of possession of a firearm by a felon. The trial court sentenced defendant to terms totaling approximately fifty-five years. Defendant appeals. As discussed below, we find no error.

Facts
The charges against defendant arise from a string of armed robberies that occurred in Winston-Salem during July, August and September 2005. On 8 September 2005, while conducting surveillance for a burgundy or teal Ford Escort thought to be involved in the robberies, Winston-Salem Police Officer Elizabeth Branson observed a teal Ford Escort pull into a gas station car wash. Officer Branson called for assistance from Officer Chad Kiser, who joined her to stop the Escort as it left the car wash. Defendant, the driver, provided identification to Officer Kiser, who told defendant he had been stopped because his car matched the description of one involved in area robberies. Officer Kiser stepped to the back of the car to record the tag information and then returned to ask defendant for consent to search his car. Defendant replied that the officers could not search the car without a warrant. Detective Mike Poe, who had arrived on the scene, attempted to open defendant's car door and ask him to step out, but defendant drove out of the parking lot at a high rate of speed.
Defendant reached speeds of 85 miles per hour during the ensuing chase with the officers in pursuit. Defendant then left the car and was apprehended and arrested as he ran toward his residence. After obtaining a search warrant for the home, officers found a .38 Rossi revolver which testing showed had been used in two of the robberies earlier that summer. Errol Lawrence, who was charged as an accessory after the fact to armed robbery, testified that defendant had a .38 revolver and had committed several of the armed robberies.
Defendant made five assignments of error which he brings forward in his brief in three arguments: the trial court erred in (I) denying his motion to dismiss the charge of resisting, delaying or obstructing, (II) instructing the jury on flight and failing to give a limiting instruction, and (III) overruling his objection and failing to instruct the jury to disregard comments by the prosecutor.

I
Defendant first argues that he had a constitutionally-protected right to resist the officers' attempted search of his car because the officers lacked the requisite probable cause for a warrantless search. Because defendant failed to raise this constitutional claim at trial, it is not properly before this Court and we dismiss his first and second assignments of error, each of which concern this issue.
After checking his license plate, Officer Kiser asked permission to search defendant's car, at which point defendant refused saying the officers lacked a warrant. As Detective Poe ordered defendant to step out of the car and attempted to open his door, defendant drove off at a high rate of speed. Defendant's assignment of error and argument on this issue are constitutional, consisting of assertions that the officers' attempt to search his vehicle was unlawful and that defendant had the right to resist. However, at trial, defendant made only a general motion to dismiss all charges against him at the close of the State's evidence. He made no constitutional argument on any particular charge, and did not mention the fleeing and resisting charges at all. Defendant renewed his general motion to dismiss all charges without any argument at the close of all evidence, never raising at trial the constitutional claims he now makes on appeal regarding the validity of the warrantless search. This Court does not consider constitutional issues not previously raised at trial. State v. Moore, 185 N.C. App. 257, 265, 648 S.E.2d 288, 293-94 (2007), disc. review dismissed, 362 N.C. 368, 661 S.E.2d 891 (2008). These assignments of error are dismissed.

II
Defendant next contends the trial court erred and prejudiced him by instructing the jury on flight and failing to give a limiting instruction when defendant's alleged flight took place five days following the last robbery for which he was charged. We disagree.
An instruction on flight is appropriate when there is evidence that a defendant left the crime scene and "took steps to avoid apprehension." State v. Ethridge, 168 N.C. App. 359, 362, 607 S.E.2d 325, 327-28 (2005), affirmed, 360 N.C. 359, 625 S.E.2d 777 (2006) (internal quotation marks and citation omitted). "The fact that there may be other reasonable explanations for defendant's conduct does not render the [flight] instruction improper." State v. Irick, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977) (citation omitted). "Further, the fact that a defendant does not flee for several days after the commission of the crime charged affects the weight and not the admissibility of such evidence." State v. Mash, 305 N.C. 285, 288, 287 S.E.2d 824, 826 (1982) (citing State v. Murvin, 304 N.C. 523, 284 S.E.2d 289 (1981)).
Here, defendant faced two groups of charges: the underlying robbery and assault charges which pertained to offenses committed on or before 5 September, and the charges related to his actions after being stopped by officers on 8 September. At the charge conference, the trial court stated its intent to instruct on flight and defendant objected to the flight instruction only as to the robberies, arguing:
I believe that [a flight instruction] is more appropriately given if there is direct flight from the scene of the crime. The evidence of flight in this case came sometime after September 8th, I believe the last of the robberies was September 3rd, so our position would be factually that the instruction would not be appropriate.
The trial court then discussed the time lapse between the robberies and defendant's flight, and the State noted that defendant fled on 8 September after the officers said they wanted to question him about the earlier robberies. Defendant's objection concerned only the lapse of time between the last robbery and defendant's flight from officers on 8 September after they told him they wanted to talk about the robberies. On appeal, defendant now argues that the flight instruction was improper because the evidence merely showed that he ran away after each robbery. "Defendant may not swap horses after trial in order to obtain a thoroughbred upon appeal." State v. Benson, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988).
In his brief, defendant also argues that the flight instruction was not proper as to the charges arising from his actions on 8 September. However, at trial, defendant made no objection to or argument about the appropriateness of the flight instruction in connection with his 8 September actions and thus, this argument is not properly before us. Because defendant did not properly preserve these issues for our review, this assignment of error is dismissed.

III
Defendant also argues that the trial court abused its discretion in overruling his objection to part of the State's closing argument. We disagree.
"The standard of review for improper closing arguments that provoke timely objection from opposing counsel is whether the trial court abused its discretion by failing to sustain the objection." State v. Jones, 355 N.C. 117, 131, 558 S.E.2d 97, 106 (2002). "[A] trial court may be reversed for an abuse of discretion only upon a showing that its ruling could not have been the result of a reasoned decision." State v. Burrus, 344 N.C. 79, 90, 472 S.E.2d 867, 875 (1996).
Our Supreme Court has stated that
it is incumbent on the trial court to monitor vigilantly the course of such arguments, to intervene as warranted, to entertain objections, and to impose any remedies pertaining to those objections. Such remedies include, but are not necessarily limited to, requiring counsel to retract portions of an argument deemed improper or issuing instructions to the jury to disregard such arguments.
Jones, 355 N.C. at 129, 558 S.E.2d at 105.
Closing arguments here were not recorded, but defendant's counsel later reconstructed for the record the comments to which he objected:
Judge, I would just like to reconstruct for the record that during Mr. O'Neill's argument after discussing the chase in which Mr. Duren was apprehended and the fact that Detective Poe had racheted his shotgun, and it was only at that point that Mr. Duren stopped and was arrested, Mr. O'Neill said it was only for the fact that he stopped at that point that he wasn't shot; and then went on to say, and if he had been he would have deserved it, or words to that effect.
Defendant's trial counsel apparently objected to the comment as inflammatory when made, but the trial court overruled the objection at that time. However, the transcript reflects that the trial judge called the attorneys to the bench immediately following the State's closing remarks and then allowed the prosecutor to address the jury as follows:
Thank you, Your Honor. And just simply put, of course, I was not arguing that the defendant should be executed for his crimes, I just want to be sure everybody understood that, that's not what's being argued. Thank you, Your Honor.
Defendant's trial counsel contended at the time that the trial court should have sustained his objection contemporaneously with the remark, rather than allowing the prosecutor to clarify his remarks at the close of his argument. In his brief to this Court, defendant contends that the trial court's action constituted an abuse of discretion.
On the contrary, it appears the trial court gave careful consideration to defendant's objection, as reflected by its actions in discussing the comments with the attorneys and permitting the prosecutor to clarify his remarks. Even if the comments were such that the trial court should have sustained defendant's objection immediately, the court remedied the situation by allowing the prosecutor to make additional comments to the jury. See Jones, 355 N.C. at 129, 558 S.E.2d at 105. These thoughtful steps do not indicate a "ruling [which] could not have been the result of a reasoned decision." Burrus, 344 N.C. at 90, 472 S.E.2d at 875. The trial court did not abuse its discretion.
No error.
Chief Judge MARTIN and Judge HUNTER, Robert C., concur.
Report per Rule 30(e).